# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE ANN FRANCESCONI, | Case No.: 1:17-cv-01391- JLT |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412 |
| v. | |
| ANDREW M. SAUL[1], Commissioner of Social Security, | |
| Defendant. | (Doc. 23) |

Valerie Francesconi seeks an award for fees pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 23) The Commissioner of Social Security opposes the request, arguing the fees requested are excessive. (Doc. 25) Because the Administrative Law Judge's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the decision and the Commissioner's defense thereof were not substantially justified.

For the reasons set forth, Plaintiff's motion for attorney fees under the EAJA is **GRANTED** in the modified amount of **$4,702.79**.

## I.     Background

In 2014, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act. (Doc. 11-6 at 2) The Social Security Administration denied

---

[1] This action was originally brought against Carolyn W. Colvin in her capacity as then-Acting Commissioner. Andrew M. Saul, the newly appointed Commissioner, has been automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d).

1

Plaintiff's application at the initial level and upon reconsideration. (*See generally* Doc. 11-4) She requested an administrative hearing and testified before an ALJ on July 8, 2016. (Doc. 11-3 at 19) The ALJ concluded Plaintiff was not disabled and issued an order denying benefits on October 27, 2016. (*Id.* at 19-29) The Appeals Council denied review of the decision on August 14, 2017 (*id.* at 2-5), and the ALJ's determination became the final decision of the Commissioner.

Plaintiff initiated the action before this Court on October 13, 2017, seeking judicial review of the ALJ's decision. (Doc. 1) The Court determined the ALJ failed to apply the correct legal standards in evaluating the credibility of Plaintiff's subjective complaints and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on March 21, 2019. (Doc. 21) Thus, judgment was entered in favor of Plaintiff and against the Commissioner. (Doc. 22)

On June 4, 2019, Plaintiff filed the motion for fees under the EAJA now pending before the Court. (Doc. 23) The Commissioner filed an opposition to the motion on July 9, 2019. (Doc. 25) Plaintiff did not file a brief in reply.

## II.     Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden to establish the requested fees are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows ... the amount sought, including an itemized statement from any attorney... stating the actual time expended").

2

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

**III.    Discussion and Analysis**

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party.

**A.    Whether Defendant's position was substantially justified**

The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, "the action or failure to act by the agency" must be substantially justified. *Id.* Second, the Commissioner's position taken in the civil action was substantially justified. *Id.* The inquiry into whether the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Thus, both the ALJ's decision and the arguments of the Commissioner to this Court in defense of the administrative decision must have been substantially justified. To find a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). However, the Commissioner not made any effort to demonstrate either the ALJ's decision or the Commissioner's defense of the position was substantially justified in its opposition to the motion. (*See generally* Doc. 25 at 3-5)

| | |
|---|---|
| 1 | The Court remanded Plaintiff's case because the ALJ failed to identify legally sufficient reasons |
| 2 | to reject the credibility of Plaintiff's subjective complaints. In particular, the Court found "the ALJ |
| 3 | offered little more than a summary of the medical evidence and boilerplate language to support her rejection |
| 4 | Plaintiff's credibility, which is not sufficient to support the adverse credibility analysis." (Doc. 21 at 8) In |
| 5 | addition, the Court found the ALJ failed to meet the burden to specifically identify what testimony was |
| 6 | credible and what evidence undermined Plaintiff's complaints. (*Id.* at 9) Because the ALJ failed to |
| 7 | apply the proper legal standards in evaluating Plaintiff's credibility, the government's position in |
| 8 | defending the ALJ's flawed opinion was no substantially justified. |
| 9 | **B.    Reasonableness of the Fees Requested** |
| 10 | The Ninth Circuit determined courts may not apply de facto caps limiting the number of hours |
| 11 | attorneys can reasonably expend on "routine" social security cases. *See Costa v. Comm'r of Soc. Sec.* |
| 12 | *Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount |
| 13 | of time spent in other cases to decide how much time an attorney could reasonably spend on the |
| 14 | particular case before the court"). Instead, "courts should generally defer to the 'winning lawyer's |
| 15 | professional judgment as to how much time he was required to spend on the case.'" *Id.* at 1136, quoting |
| 16 | *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Nevertheless, the Court has an |
| 17 | independent duty to review evidence of hours worked and tasks undertaken to determine the |
| 18 | reasonableness of the fees requested for the case. *Hensley*, 461 U.S. at 433, 436-47. |
| 19 | 1.    Time expended |
| 20 | Plaintiff asserts that in the judgment of her attorney, Kelsey Brown, "the time spent on this case |
| 21 | was the time required to properly research, draft and win the case. Plaintiff's counsel raised focused on |
| 22 | one major point with the Defendant, the credibility finding." (Doc. 23 at 4) According to Plaintiff, this |
| 23 | appeal "involved directly on point 9th circuit case, several eastern district cases and application of the |
| 24 | facts of this case." (*Id.*) Plaintiff contends Ms. Brown "spent a reasonable amount of time on this |
| 25 | case," with 28.35 hours on expended on "review of over 1000 pages of case records and ... a concise |
| 26 | and effective brief." (*Id.* at 4-5) She argues, "Given the issues raised by Plaintiff, the Court's remand |
| 27 | of the case, the amount of hours requested and the overall sense of this case, the amount requested is |
| 28 | reasonable for the effort expended and the results obtained." (*Id.* at 5, citing *Costa v. Comm'r of Soc.* |

*Sec.*, 690 F3d 1132, 1136 (9th Cir. 2012); *Fox v. Vice*, 131 S.Ct. 2205, 2216 (2001))

In response, the Commissioner argues that "Plaintiff cannot meet her burden to show that it was reasonable to bill $5,721.54 for counsel's work on this case." (Doc. 25 at 3) According to the Commissioner:

> In this case, Plaintiff made one argument – that the ALJ failed to provide clear and convincing reasons to find Plaintiff not credible – and requested a remand for further proceedings (CR 18, pgs. 7-13). There was no summary of the medical evidence, as required by the Scheduling Order (CR 6), and the argument discusses only a few facts. Plaintiff's counsel, an experienced social security attorney, has made this argument before. In fact, counsel essentially made the same credibility argument in another social security case including the same standard of review statement (*Compare* CR 18, pgs. 6-11 *with, e.g*, Exhibit (Exh). A, pgs. 6-10, Exh. B, pgs. 12-15, 18). Counsel also essentially made the same request for further proceedings with the same conclusion (*Compare* CR 18, pgs. 12-13 *with* Exh. A, pgs. 10-12).

(Doc. 25 at 3) The Commissioner asserts that he "understands counsel's need for efficiency," but "it is not reasonable to charge for hours that were not required." (*Id.*, citing *Feeney v. Colvin*, 2014 WL 3966379 at *3 (E.D. Cal. Aug. 13, 2014)) Thus, the Commissioner requests the time for drafting the confidential letter brief be reduced from 3.4 hours to 1.4 hours and the time on the opening brief be reduced from 7.4 hours to 2.4 hours. (*Id.* at 3-4) The Commissioner asserts that, after these deductions, the resulting award of $4,229.70 "is a reasonable amount for Plaintiff to receive for litigating this case." (*Id.* at 4)

Notably, Plaintiff did not file a response to the Commissioner's argument. Nevertheless, the Court has reviewed the time sheet provided to determine the reasonableness of the time reported and the tasks completed. Ms. Brown indicated that she expended 8.4 hours reviewing the administrative record, outlining the issues, and reviewing case law prior to drafting Plaintiff's confidential letter brief. (Doc. 23-1 at 1) In addition, Ms. Brown indicated that she spent 3.4 hours "[d]rafting [the] confidential brief re: credibility, pulling cites." (*Id.*) As Plaintiff observes, the record in this action was more than 1,000 pages, and the time reported for the review appears reasonable. Likewise, the Court finds the time expended on the confidential letter brief, which frames the issues in the action and should "set forth the relevant issues and the reasons for ... remand" (*see* Doc. 6 at 2) was reasonable.

On the other hand, as the Commissioner asserts, the time reported for the preparation of the opening brief appears excessive. As the Commissioner observes, Ms. Brown did not provide a

summary of the medical record in the opening brief, despite indicating in the time sheet that her tasks on September 25, 2018—for which she billed 2.9 hours—included "Procedural sections (Medical evidence, Testimony) draft..." (*See* Doc. 23-1 at 1)  In addition, the Court reviewed the exhibits provided, and noted the similarities between the documents filed by Ms. Brown.  In Plaintiff's opening brief, there are summaries of the administrative hearing testimony and the ALJ's findings, which are total under four pages.  The argument presented is nearly completely boilerplate standards—and identical to the opening brief attached to the Commissioner's opposition as Exhibit A—with the exception of two paragraphs summarizing the Court's holding in *Henshaw v. Colvin*, No. 1: 14-cv-01788-SKO (E.D. Cal. Feb. 11, 2016) and identifying portions of Plaintiff's testimony that were not addressed by the ALJ. (*See* Doc. 18 at 10-11)  Further, as the Commissioner asserts, the paragraph summarizing *Henshaw* is duplicative of the summary in Exhibit B. (*Compare* Doc. 18 at 9-10 *with* Doc. 25-2 at 15)  Thus, it appears Ms. Brown was only required to prepare summaries of the testimony, the ALJ's findings, and a single paragraph of argument in the opening brief filed on behalf of Plaintiff in this action. The Court finds an award of 2.4 hours as requested by the Commissioner is appropriate in light of the very limited work required for the opening brief.  *See Feeney*, 2014 WL 3966379 at *3 (reducing the hours for Ms. Brown where she asserted that "she spent 6.7 hours drafting the lay witness argument, which amounted to no more than 2.5 pages, including only a one paragraph summary of facts, two paragraphs of law, and one paragraph of analysis").

### 2.   Requested Hourly Rate

Plaintiff's counsel requests hourly rates of $196.79 for work completed in 2017 and $201.60 for work completed in 2018 and 2019 (Doc. 23-1 at 1), which are based upon the statutory maximums set by the Ninth Circuit. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 24, 2019).  Because the hourly rates requested are equal to those identified by the Ninth Circuit, the Court finds the rates requested are reasonable and appropriate.

### 3.   Amount to be awarded

With the deductions set forth above, Ms. Brown expended a total of 23.35 hours of compensable work in this action on behalf of Plaintiff, which includes 0.95 hour in 2017 and 22.4 hours

in 2017 and 2018. The Court finds these hours to be reasonable in light of the tasks performed by counsel and results achieved. Thus, Plaintiff is entitled to a fee award in the amount of $**4,702.79**.[2]

C. **Expenses**

Plaintiff seeks the amount of $10.75 for "Service/Mailing." (Doc. 23-1 at 1) Significantly, however, the Court granted Plaintiff's request to proceed *in forma pauperis* in this action and directed the U.S. Marshal "serve a copy of the complaint, summons, and this order upon the defendant." (Doc. 4 at 4) When a plaintiff proceeds *in forma pauperis* and the U.S. Marshal has been directed to complete service, the plaintiff may not recover expenses related to service. *DeArmon v. Colvin*, 2013 U.S. Dist. LEXIS 137858 at *5 (E.D. Cal. Sept. 25, 2013). Consequently, Plaintiff's request for expenses is **DENIED**.

D. **Assignment of the Fee Award**

Plaintiff requests that the EAJA fee award be made payable to counsel, pursuant to a fee agreement. (*See* Doc. 23 at 8) In *Astrue v. Ratliff*, 560 U.S. 586 (2010) the Supreme Court determined that EAJA fees must be made payable to the "prevailing party." As a result, the payment is subject to a government offset to satisfy any pre-existing debt owed by a claimant. *See id.*, 560 U.S. at 592-93.

Notably, under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70. In addition, the Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich v. Colvin*, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).

Because Plaintiff has assigned her rights to counsel, the EAJA fees should be made payable directly to Plaintiff's counsel, subject to any government debt offset and the government's waiver of the Anti-Assignment Act requirements. *See Yesipovich*, 166 F.Supp at 1011; *see also Beal v. Colvin*, 2016 WL 4761090 at*4 (N.D. Cal. Sept. 13, 2016) (holding where there was "no information on

---

[2] This amount includes $186.95 for the work completed by counsel in 2017 and $4,515.84 for the work completed between 2018 and 2019.

7

whether plaintiff owes any debt to the government[,]… the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to the government's waiver of the requirements under the Anti-Assignment Act"). If the government chooses to not accept the assignment, payment shall be made to Plaintiff and mailed to his attorney.

### IV. Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). With the deductions set forth above, Ms. Brown expended a total of 23.35 hours on compensable work in this action, which is reasonable in light of the tasks performed on Plaintiff's behalf and results achieved.

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for attorney's fees (Doc. 22) is **GRANTED** in part, in the modified amount of **$4,702.79**;
2. Plaintiff's request for expenses is **DENIED**;
3. Defendant **SHALL** determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, payment shall be made payable to Plaintiff. If the Government decides to accept the assignment of fees, payment shall be made payable to Counsel, Kelsey Brown; and
4. Payment **SHALL** be mailed to Plaintiff's counsel of record, Kelsey Brown.

IT IS SO ORDERED.

Dated: **July 28, 2019**            **/s/ Jennifer L. Thurston**
                          UNITED STATES MAGISTRATE JUDGE